EDNA BARFIELD LEE, Plaintiff,
v.
LINWOOD EARL LEE, SR., Defendant.
No. COA07-979
North Carolina Court of Appeals
Filed June 3, 2008
This case not for publication
Mills & Economos, L.L.P., by Cynthia A. Mills, for plaintiff appellant.
W. Gregory Duke for defendant appellee.
McCULLOUGH, Judge.
Plaintiff appeals from an order directing plaintiff to pay defendant a portion of her pension. We affirm.

FACTS
Edna Barfield Lee ("plaintiff") and Linwood Earl Lee ("defendant") married on 26 November 1969, and separated on 23 March 1998. Pursuant to their separation the two parties agreed to a consent order which governed, inter alia, the distribution of marital assets. The agreement described the various marital assets and included the following provision:
8. Ms. Lee's pension which she will be eligible to receive at age fifty-eight (58) [is marital property]. At age fifty-eight Ms.Lee will receive a monthly pension check of a yet to be determined amount. Both parties agree and stipulate that Mr. Lee is entitled to receive thirty-six percent (36%) of that monthly pension amount as his marital portion. Ms. Lee's attorney shall prepare a qualified domestic relations order (QDRO) which provides that Mr. Lee will receive 36% of this monthly pension amount upon Ms. Lee's retirement.
The consent order was signed by the parties and entered 11 June 1998 in Lenior County District Court. A qualified domestic relations order (QDRO) was subsequently entered on 27 June 2001. The QDRO further described defendant's portion of plaintiff's pension and provided:
8. The Defendant/Alternate Payee is awarded thirty-six per cent (36%) of the Participant's accrued benefit as of the parties' separation date, December 31, 1997.
9. The alternate payee shall receive his benefit payable in the form of a monthly annuity over the alternate payee's lifetime. The alternate payee shall begin receiving his share of the accrued benefit upon the Participant's retirement date.
Plaintiff's employer, DuPont, determined plaintiff's accrued monthly retirement benefit as of 31 December 1997 ("prior accrued benefit") to be $1,051.98.
On 30 November 2001, plaintiff terminated her employment with DuPont due to a disability caused by a bulging disc. As a result of both her injury and her departure, plaintiff became entitled to receive the full benefit of her pension ("current accrued benefit"), which had accrued to $1,236.00, each month. In addition, plaintiff also became entitled to receive incapability pension benefits of $532.00 each month. Pursuant to the consent order andQDRO, DuPont began to send a portion of plaintiff's retirement benefits to defendant each month. However, rather than sending thirty-six percent of the prior accrued benefit, $378.71, DuPont instead sent defendant a sum of $118.00 per month.
On 12 September 2002, defendant filed a motion to hold plaintiff in contempt due to her failure to pay defendant thirty-six percent of the prior accrued benefit as required by the 27 June 2001 QDRO. On 9 October 2002, a Lenior County District Court heard defendant's motion. On 22 October 2002, the trial court entered an order requiring DuPont to provide a detailed explanation as to why defendant was receiving a payment of only $118.00 per month. According to DuPont, the lower figure was calculated through the use of an actuarial conversion. The trial court entered a subsequent order on 20 May 2003, directing that defendant be paid thirty-six percent of plaintiff's current accrued benefit, $444.96. As defendant was already receiving $118 per month from DuPont, the trial court instructed plaintiff to pay the additional amount directly to defendant. Both parties appealed the 20 May 2003 order, and the matter was heard before this Court on 21 September 2004. On review, this Court found the trial court lacked competent evidence to determine the proper amount of plaintiff's pension and remanded the issue for additional findings. See Lee v. Lee, 167 N.C. App. 250, 257, 605 S.E.2d 222, 226-27 (2004). On remand, the trial court found that the uncontradicted evidence indicated that plaintiff's prior accrued benefit with DuPont was $1,051.98. The trial court further concluded that DuPont's calculation ofdefendant's thirty-six percent share of plaintiff's prior accrued benefit was inconsistent with the QDRO entered 27 June 2001. Therefore, the trial court entered an order on 14 February 2007 adjudging that defendant was entitled to receive $378.71 each month from plaintiff as his thirty-six percent share of plaintiff's prior accrued benefit. To ensure defendant would receive the proper amount, the order instructed plaintiff to pay defendant $260.71 directly each month, starting 1 June 2003, to supplement the $118 provided by DuPont. In addition, the trial court found defendant had failed to make all but one of the additional payments required under the order entered 20 May 2003. Thus, the trial court determined plaintiff was in arrears in the amount of $10,883.58 and ordered plaintiff to pay this sum to defendant. On 12 March 2007, plaintiff filed notice of appeal.

I.
Plaintiff argues the trial court erred in determining defendant's portion of her pension benefit. We disagree.
On appeal, both parties acknowledge the distribution of plaintiff's pension is governed by the QDRO entered 27 June 2001. Further, neither party asserts any error with the QDRO. Rather, plaintiff asserts the trial court's interpretation of the QDRO is incorrect. Thus, the resulting calculation of defendant's portion is also incorrect. "It is well settled in this jurisdiction that when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law wereproper in light of such facts." Shear v. Stevens Building Co., 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992). Therefore, we will review the trial court's findings and conclusions to determine if they were proper in light of the evidence presented.
Here, the trial court determined plaintiff's prior accrued benefit as of 31 December 1997 to be $1,051.98. However, plaintiff contends defendant's portion should not have been drawn from the full value of this prior accrued benefit because it included benefits not awarded to defendant under the terms of the QDRO. In support of her contention, plaintiff asserts that the prior accrued benefit, as calculated by the court, incorrectly included: (1) a portion of plaintiff's disability benefits, (2) a portion of plaintiff's retirement benefits that had not yet accrued as of 31 December 1997, and (3) a portion of the benefit plaintiff would be eligible to receive at 65, prior to plaintiff reaching the age of 65, without reducing the payment to its present value. Consequently, plaintiff also contends that the trial court incorrectly determined plaintiff to be in arrears in the amount of $10,883.58 because this figure was based on a prior accrued benefit of $1,051.98. On review, we are unpersuaded by plaintiff's contentions.
It is undisputed that the two parties agreed to a consent order stipulating that defendant was entitled to thirty-six percent of plaintiff's monthly pension. Further, both parties acknowledge stipulating to the later QDRO, drafted by plaintiff's counsel, which elaborated on defendant's share and provided that defendantwould receive "thirty-six percent ... of [plaintiff's] accrued benefit as of the parties' separation date, December 31, 1997." According to DuPont, plaintiff's employer, plaintiff's prior accrued benefit as of 31 December 1997 amounted to $1,051.98. We note that plaintiff has asserted no error in DuPont's calculation of this number. Defendant instead asserts that this number does not accurately reflect the amount from which defendant is entitled to draw his thirty-six percent. Although defendant puts forward several arguments as to why this number should be adjusted, we find none of these arguments sufficient to contradict the plain language of the QDRO. Therefore, we hold the trial judge was supported with sufficient competent evidence to support an order directing plaintiff pay defendant $378.71, thirty-six percent of plaintiff's prior accrued benefit of $1,051.98.
Further, we note that both the consent order and the QDRO indicate that defendant should receive his share of plaintiff's pension upon plaintiff's retirement. Although the consent order appears to contemplate a retirement age of fifty-eight, the QDRO, entered subsequent to the consent order and discussing defendant's share of the pension benefits in more detail, makes no mention of a retirement date. The QDRO agreement, drafted by plaintiff's counsel and entered with the consent of both parties, expressly provides that defendant "shall begin receiving his share of the accrued benefit upon [plaintiff's] retirement date." Thus, the plain language of the QDRO indicates that defendant was entitled to receive a payment of $378.71 each month upon plaintiff's retirement. In the order entered 20 May 2003, the trial court instructed the plaintiff to supplement the money provided by DuPont, starting 1 June 2003, to ensure defendant received the correct amount. Following this order, plaintiff made only one supplemental payment of $326.96. Given that plaintiff retired prior to 1 June 2003, and that plaintiff failed to fully supplement defendant's monthly payment following this date, we hold the trial court's determination that defendant was in arrears $10,883.58 was supported by competent evidence.
We have reviewed plaintiff's additional assignments of error with respect to the distribution of plaintiff's pension and find them to be without merit. Therefore, we affirm the judgment of the trial court.
Affirmed.
Judges ELMORE and ARROWOOD concur.
Report per Rule 30(e).